IN THE UNITED STATES BANKRUTPCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

**MAY 02 2019**

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 16-22886-GLT |
| | Chapter 13 |
| CHAZ R. PARDUE, | |
| *Debtor.* | |
| | |
| CHAZ R. PARDUE, | Related to Dkt. No. 101 |
| *Movant,* | |
| v. | |
| NATIONSTAR MORTGAGE, | |
| *Respondent.* | |

## ORDER DENYING DEBTOR'S
## <u>MOTION TO RECONSIDER</u>

The matter currently before the Court is the *Motion for Reconsideration of Order Denying Application for Approval to Allow Debtor to Re-Enter into the Loss Mitigation Program* ("Motion") filed on April 30, 2019 by the debtor, Chaz R. Pardue.[1] The *Motion* seeks reconsideration of the Court's April 16, 2019 *Order*.[2] For proper context, the debtor filed a *Second Motion for Loss Mitigation* on April 3, 2019, in which he indicated that he was both eligible and prepared to enter into the Loss Mitigation Program and obtain a loan modification with Respondent, Nationstar Mortgage.[3] Respondent then filed a *Response* on April 12, 2019, in which it opposed the debtor's attempt to re-

---

[1] Dkt. No. 101.

[2] Dkt. No. 99.

[3] Dkt. No. 93.

enter the Loss Mitigation Program on the basis of his poor history of responsiveness and participation.[4]

The *Order* stated explicitly that the Court had reached its decision to deny the *Second Motion for Loss Mitigation* "[n]otwithstanding the facts alleged in the *Response*." Paragraph 6 of the *Motion* nonetheless states that "[t]his Honorable Court entered the [*Order*] on April 16, 2019 based on Respondent's recitation of Debtor's loss mitigation application history." This was not the case. Indeed, the *Order* was prepared before the *Response* was received. Once the *Response* had been filed, however, the Court was obligated to acknowledge it in its *Order*. The *Second Motion for Loss Mitigation* was denied solely upon the Court's independent review of the history of debtor's attempts to secure a loan modification as reflected on the docket in this case. As the allegations contained in the *Motion* could have no bearing on that determination, there is no basis for the Court to reconsider its *Order*.

Based upon the foregoing, it is hereby **ORDERED, ADJUDGED,** and **DECREED,** that:

1. The *Motion* [Dkt. No. 101] is **DENIED**.

Dated: May 2, 2019

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUTPCY JUDGE

Case Administrator to Mail to:
Debtor
Lauren Lamb, Esq.
Kevin Frankel, Esq.
Ronda J. Winnecour, Esq.
Office of the U.S. Trustee

---

[4] Dkt. No. 96.

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                  Case No. 16-22886-GLT
Chaz R. Pardue                                                          Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2    User: lfin            Page 1 of 1         Date Rcvd: May 02, 2019
                       Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 04, 2019.
db         +Chaz R. Pardue,   2365 Dutch Ridge Road,   Beaver, PA 15009-9754

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 04, 2019                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 2, 2019 at the address(es) listed below:
      James Warmbrodt    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
      Joshua I. Goldman    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
      Kevin Scott Frankel    on behalf of Creditor    NATIONSTAR MORTGAGE LLC pabk@logs.com
      Lauren M. Lamb    on behalf of Debtor Chaz R. Pardue
       julie.steidl@steidl-steinberg.com;courtdocs.sands@gmail.com;acordell@steidl-steinberg.com;cgoga@steidl-steinberg.com;LambLR53037@notify.bestcase.com;rlager@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com
      Matthew John McClelland    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
      Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
      Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com, ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
      Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
      S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com, srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                                   TOTAL: 9